```
1  BENJAMIN B. WAGNER
   United States Attorney
2  JUSTIN L. LEE
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  (916) 554-2800
```

**FILED**

SEP 16 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INTERCEPTION OF WIRE AND ELECTRONIC COMMUNICATIONS RELATED TO:<br><br>956-329-8899,<br>530-513-1574, and<br>530-353-9949 | 2:13-SW-0257-KJM<br>2:13-CR-00296-KJM<br><br>**ORDER AUTHORIZING DISCLOSURE OF SEALED WIRE AND ELECTRONIC INTERCEPTION MATERIALS AND ENTERING A PROECTIVE ORDER** |

### ORDER

The United States has applied to the Court for an order pursuant to 18 U.S.C. §§ 2518(8)(b) and 2518(9), to disclose portions of the Orders of the Court issued on May 7, 2013, June 26, 2013, and July 26, 2013, in case number 2:13-SW-0257-KJM, that authorized the interception of wire and electronic communications related to 956-329-8899, 530-513-1574, and 530-353-9949. The Court sealed each of these wire and electronic interception Orders and their accompanying applications, affidavits, and recordings intercepted as a result of the Court's Orders.

1  Based upon the facts and representations set forth in the United States's Application, the Court finds that the United States has shown good cause exists to permit the United States to disclose each of the sealed wire and electronic interception Orders, applications, affidavits, and recordings in this case to the defense counsel in the pending criminal matter, United States v. Aguilar, et al., 2:13-CR-00296-KJM, based upon the disclosure requirements of 18 U.S.C. § 2518(9).  Therefore:

IT IS HEREBY ORDERED that portions of the above-referenced orders, applications, affidavits, and recordings may be disclosed to the defense by the United States in the action of United States v. Aguilar, et al., 2:13-CR-00296-KJM, pursuant to 18 U.S.C. § 2518(9), and for any other purpose required by Chapter 119 of Title 18, United States Code.

The Court further finds that the United States has shown good cause to keep the above-referenced orders, applications, affidavits, and recordings under seal and subject to a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) because public disclosure and wide dissemination of the wire and electronic interception orders, applications, affidavits, and recordings in this case could jeopardize the lives and safety of confidential informants and undercover law enforcement officers and the United States's ongoing criminal investigation.  Therefore:

IT IS FURTHER ORDERED THAT pursuant to Federal Rule of Criminal Procedure 16(d)(1) portions of the above-referenced orders, applications, affidavits, and recordings may be disclosed to defense counsel of record in United States v. Aguilar, et al., 2:13-CR-00296-KJM, as long as such disclosures are made solely for the purpose of

preparing a defense to the charges pending in that case.

Specifically, said disclosures may be made by counsel of record for a defendant in this matter to: (a) the defendant represented by counsel of record, (b) other counsel of record in the pending case, (c) his or her legal associates, paralegals, stenographic, and clerical employees involved in the defense of this case, (d) persons identified in the materials to be disclosed as present during the reported transaction or a participant therein, and (e) other persons only upon order of the Court upon a showing of particularized need; provided that nothing in this order shall prevent defense counsel from disclosing said materials to a potential witness for the defense where defense counsel has a good faith basis to believe that such disclosure is necessary to the proper preparation of the defense.

IT IS FURTHER ORDERED THAT counsel of record for the defense in United States v. Aguilar, et al., 2:13-CR-00296-KJM, shall not make any disclosure as provided in the foregoing paragraph without first providing the person to whom the disclosure will be made with a copy of the Court's Order and receiving that person's written acknowledgment that he or she is bound by the terms of this Order after having read the Order and having its contents fully explained by counsel of record making the disclosure.

IT IS FURTHER ORDERED THAT the United States may provide redacted copies of the application, affidavit, and orders as set out in the United States's Application. The Ex Parte Application of the United States shall remain under seal.

DATED: September 16, 2013

Hon. KIMBERLY J. MUELLER
United States District Judge

3